UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERESA TODERO, as Special Administrator of the ESTATE OF CHARLES TODERO<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF GREENWOOD, BRIAN BLACKWELL, RENEE ELLIOT, ELIZABETH LAUT, and AS-YET UNIDENTIFIED GREENWOOD POLICE OFFICERS<br><br>Defendants. | CAUSE NO. 1:17-cv-1698-TWP-MJD |

### DEFENDANT BRIAN BLACKWELL'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Comes now Defendant, Brian Blackwell, by counsel, and for his Response to Plaintiff's Requests for Admission, states as follows:

### REQUESTS FOR ADMISSION

**To All Defendants:**

1. Admit that Brian Blackwell used a Taser on Charles Todero 16 times on May 29, 2016.

**RESPONSE:** Defendant admits that he activated the Taser 16 times. Defendant denies the activations made contact as intended.

2. Admit that Brian Blackwell caused Charles Todero to be shocked with an electric current from his Taser for a total of 98 seconds on May 29, 2016.

**RESPONSE:** Deny.

3. Admit that marijuana was the only drug present in Charles Todero's body at the time he was tased on May 29, 2016 that was detected during his hospitalization.

**RESPONSE:** Despite having made reasonable inquiry, the information known to or readily obtainable by Defendant is insufficient to enable him to either admit or deny this request.

4. Admit that none of the Defendants acted or attempted to stop Brian Blackwell from using force on May 29, 2016.

**RESPONSE: OBJECTION.** Defendant is unable to address the actions or efforts of others as he lacks personal knowledge. He admits he is unaware of any attempts to stop his appropriate use of force.

5. Admit that Charles Todero's heart stopped and that he needed to be resuscitated within 30 minutes of Brian Blackwell's use of a Taser on him.

**RESPONSE:** Despite having made reasonable inquiry, the information known to or readily obtainable by Defendant is insufficient to enable him to either admit or deny this request.

**To Defendants Blackwell and City of Greenwood only:**

6. Admit that prior to May 29, 2016, Brian Blackwell had been trained to minimize repeated, continuous or simultaneous use of a Taser.

2

**RESPONSE:** Defendant admits that he was trained to use the minimal level of force necessary.

7. Admit that prior to May 29, 2016, Brian Blackwell had not been trained to minimize repeated, continuous or simultaneous use of a Taser.

**RESPONSE:** Defendant admits that he was trained to use the minimal level of force necessary.

8. Admit that prior to May 29, 2016, Brian Blackwell had been trained that the risk of death or serious injury increases with cumulative uses of a Taser.

**RESPONSE:** Defendant admits that he was trained to use the minimal level of force necessary.

9. Admit that prior to May 29, 2016, Brian Blackwell had not been trained that the risk of death or serious injury increases with cumulative uses of a Taser.

**RESPONSE:** Defendant admits that he was trained to use the minimal level of force necessary.

**To Defendant Blackwell only:**

10. Admit that on May 29, 2016, Brian Blackwell knew that Taser safety warnings instructed Taser users to minimize repeated, continuous, or simultaneous uses of a Taser.

**RESPONSE:** Defendant admits that he was trained to use the minimal level of force necessary.

11. Admit that on May 29, 2016, Brian Blackwell knew that Taser safety warnings instructed Taser users that the risk of death or serious injury increases with cumulative uses of a Taser.

**RESPONSE:** Defendant admits that he was trained to use the minimal level of force necessary.

12. Admit that Charles Todero was sitting on the ground when Brian Blackwell first encountered Charles Todero on May 29, 2016.

**RESPONSE:** Admit.

13. Admit that Brian Blackwell engaged Charles Todero in conversation when Brian Blackwell first encountered Charles Todero on May 29, 2016.

**RESPONSE:** Admit.

14. Admit that Charles Todero did not threaten Brian Blackwell at any time prior to Brian Blackwell's first use of his Taser.

**RESPONSE:** Admit.

Respectfully submitted,

POLLACK LAW FIRM, P.C.

Caren L. Pollack Attorney No. 11897-49
*Attorney for Defendant, Brian Blackwell*

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served by electronic mail and by placing a copy of same in the United States mail, first class postage prepaid, September 27, 2017 addressed to the following:

D. Samuel Heppell
Sam@loevy.com
Steven E. Art
Steve@loevy.com
Jonathan I. Loevy
jon@loevy.com
Arthur Loevy
arthur@loevy.com
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
*Attorneys for Plaintiff*

James S. Stephenson
jstephenson@stephlaw.com
Mark A. Holloway
mholloway@stephlaw.com
STEPHENSON MOROW & SEMLER
3077 East 98th Street, Suite 240
Indianapolis, IN 46280
*Attorney for Defendants, City of Greenwood, Renee Elliot, and Elizabeth Laut*

/s/ Caren Pollack
Caren L. Pollack

POLLACK LAW FIRM, P.C.
10333 N. Meridian Street, Suite 111
Indianapolis, Indiana 46290
Ph: (317) 660-4880
Fx: (317) 660-4888
cpollack@pollacklawpc.com