UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERESA TODERO, as Special Administrator of the Estate of CHARLES TODERO, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No. 1:17-cv-1698-TWP-MJD ) |
| CITY OF GREENWOOD, BRIAN BLACKWELL, RENEE ELLIOTT and ELIZABETH LAUT, | ) ) ) |
| Defendants. | ) |

## MOTION FOR SUMMARY JUDGMENT

Come now the defendants, City of Greenwood, Renee Elliott, and Elizabeth Laut, and pursuant to Rule 56 and L.R. 56-1 move for summary judgment in their favor and against the plaintiff, and in support thereof, state as follows:

1. This is a wrongful death claim arising out of the death of plaintiff's decedent, Charles Todero. The plaintiff, by her complaint, alleges that Todero died due to complications resulting from having been subject to multiple taser deployments by defendant Brian Blackwell. The claim against defendants Elliott and Laut alleges they failed to intervene to prevent Blackwell's use of the taser and/or otherwise exercised excessive force upon Todero while attempting to handcuff him. The complaint also pleads a *Monell* claim against the City of Greenwood, a section 1983 claim alleging conspiracy, as well as various state law claims.

2. Elliott and Laut are entitled to summary judgment on plaintiff's section 1983 claim as their conduct was objectively reasonable as a matter of law, and they are otherwise entitled to qualified immunity. The City of Greenwood is entitled to summary judgment on plaintiff's *Monell* claim as it did not abide by an unconstitutional custom, nor was the city's

policymaking authority deliberately indifferent to training needs. The conspiracy claim also fails as a matter of law.

3. As to the state law claims, they should be dismissed in their entirety as against the individual defendants pursuant to Ind. Code § 34-13-3-5(b). The survival claim should also be dismissed on summary judgment as such a claim cannot be maintained under Indiana law simultaneously with a wrongful death claim. The state law claims for assault and battery and intentional infliction of emotional distress should also be dismissed as the plaintiff cannot pursue a survival action while pursuing a wrongful death action, plus the intentional infliction claim is barred by statutory immunity, Ind. Code § 34-13-3-3(8).

4. In further support of their motion, defendants submit their tender and designation of evidence and memorandum of law.

WHEREFORE, the defendants, City of Greenwood, Renee Elliott and Elizabeth Laut, move for summary judgment in their favor and against the plaintiff.

Respectfully submitted,

STEPHENSON MOROW & SEMLER

*s/ James S. Stephenson*
James S. Stephenson
Attorney No. 11434-98
Attorney for defendants,
City of Greenwood, Renee Elliott,
and Elizabeth Laut

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2018, a copy of this document was filed electronically. Notice of this filing will be sent to the following persons by operation of the court's electronic filing system. Parties may access this filing through the court's system.

        Arthur Loevy
        arthur@loevy.com
        D. Samuel Heppell
        sam@loevy.com
        Jonathan I. Loevy
        jon@loevy.com
        Steven E. Art
        steve@loevy.com
        Vince Field
        vince@loevy.com
        LOEVY & LOEVY
        311 North Aberdeen, 3rd Floor
        Chicago, IL 60607

        Caren L. Pollack
        cpollack@pollacklawpc.com
        Lana R. Swingler
        lswingler@pollacklawpc.com
        Zachary J. Stock
        zstock@pollacklawpc.com
        POLLACK LAW FIRM, P.C.
        10333 N. Meridian Street
        Suite 111
        Indianapolis, IN  46290

        *s/ James S. Stephenson*
        James S. Stephenson

STEPHENSON MOROW & SEMLER
3077 East 98th Street, Suite 240
Indianapolis, IN 46280
Telephone: (317) 844-3830
Fax: (317) 573-4194
E-mail: jstephenson@stephlaw.com

16-6820/bb