UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERESA TODERO, as Special Administrator of the Estate of CHARLES TODERO, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No. 1:17-cv-1698-JPH-MJD ) |
| CITY OF GREENWOOD, BRIAN BLACKWELL, RENEE ELLIOTT and ELIZABETH LAUT, | ) ) ) |
| Defendants. | ) |

**TRIAL BRIEF CONCERNING DAMAGES FOR "LOSS OF LIFE"**

This case involves section 1983 claims against the individual officers and a state law wrongful death claim against the City of Greenwood. Defendants moved in limine to exclude all evidence and argument in support of plaintiff's wrongful death claims, seeing as the court on *Daubert* motions ruled plaintiff's expert Rashtian is not allowed to testify that Blackwell's tasing of Todero caused the rhabdomyolysis which caused his death. But if the court allows the death claims to proceed, the court should consider whether damages for loss of capacity to carry on and enjoy life's activities ("loss of life") as endorsed by pattern instruction 7.26 should be an element of potential recovery.

The state law claim is governed by the adult wrongful death statute, Ind. Code § 34-23-1-2, because Charles Todero was an unmarried adult with no dependents. Damages recoverable under Ind. Code § 34-23-1-2 include reasonable medical and funeral/burial expenses, and damages for "loss of the adult person's love and companionship." Ind. Code § 34-23-1-2(c)(3)(A) and (B). Damages awarded for funeral/burial expenses inure to the exclusive benefit of the adult person's estate for payment of those expenses. Ind. Code § 34-23-1-2(d). The

remainder of damages inure to the exclusive benefit of the non-dependent parent of the decedent, here, Teresa Todero. *Id.* Damages for loss of love and companionship may not exceed $300,000 (Ind. Code § 34-23-1-2(e). The non-dependent parent bears the burden of proving that she had a genuine, substantial, and ongoing relationship with the decedent before she can recover damages. Ind. Code § 34-23-1-2(f). Damages for the parent's grief and punitive damages are not recoverable. Ind. Code § 34-23-1-2(c)(2).

42 U.S.C. § 1983 supplies no guidance on how to evaluate damages. 42 U.S.C. § 1988 however provides that if section 1983 is

> deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause . . . .

42 U.S.C. § 1988.

The court therefore must look to Indiana law to determine whether state law is inconsistent with compensatory and deterrent policies underlying section 1983. *Bass v. Wallenstein,* 769 F.2d 1173, 1190 (7th Cir. 1985). When resolving questions of inconsistency between state and federal law raised under section 1983, courts must consider whether the state law conflicts with the federal and constitutional provisions at issue and whether application of state law would be inconsistent with the federal policy underlying the cause of action under consideration. *Wheeler v. City of Santa Clara,* 894 F.3d 1046, 1052 (9th Cir. 2018), *citing Robertson v. Wegmann,* 436 U.S. at 584, 590, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978).

Indiana also has a survival statute, which applies in the event the decedent dies from a cause other than injuries inflicted by the defendant. Ind. Code § 34-9-3-4. Under those circumstances, the personal representative of the decedent's estate may maintain an action

against the defendant "to recover all damages resulting before the date of death from those injuries that the decedent would have been entitled to recover had the decedent lived." Ind. Code § 34-9-3-4(b).  The estate however cannot recover under both the wrongful death statute and the survival statute; recovery can be had under one theory but not the other.  *Best Homes, Inc. v. Rainwater,* 714 N.E.2d 702, 705 (Ind. App. 1999).  The Indiana Supreme Court has held that attorney's fees may be recoverable as damages in a claim under the adult wrongful death statute. *McCabe v. Commissioner, Indiana Dept. of Insurance,* 949 N.E.2d 816 (Ind. 2011).

The Seventh Circuit Pattern Instruction concerning damages recoverable in section 1983 claims permits the jury to consider damages for the decedent's pain and suffering, and loss of the capacity to carry on and enjoy [decedent's] life's activities in a way he would have done had he lived. While the Seventh Circuit Pattern Instruction endorses including those elements in the damages instruction, the court may decline including those elements in the instruction if Indiana's remedies are adequate to fulfill section 1983 objectives.

The notion that a jury may award damages for "loss of life" or "the value of life" originated with *Bell v City of Milwaukee,* 746 F.2d 1205 (7th Cir. 1984).  *Bell* was followed by *Bass by Lewis v. Wallenstein,* 769 F.2d 1173 (7th Cir. 1985) and *Graham v. Sauk Prairie Police Commission,* 915 F.2d 1085 (7th Cir. 1990).  *Bass* addressed Illinois law; *Bell* and *Graham* addressed Wisconsin law.  It is notable that at the time *Bell* was decided, Wisconsin imposed a statutory limit for recovery of loss of love and companionship of $25,000.  *Bell,* 746 F.2d at 1251.

*Bell* and *Bass* each hold that state law that precludes recovery on behalf of the victim's estate for loss of life is inconsistent with the deterrent policy of section 1983.  *Bass,* 769 F.2d at 1188.  Neither opinion describes how damages for "loss of life" are to be measured, though the

district courts have construed the proper measure of damages to be the decedent's "loss of enjoyment of life" as opposed to the value of his life. *See, e.g., Glisson v. Correctional Medical Svcs., Inc.*, 2018 WL 6807295 at *4 (S.D. Ind. 2018) ("Thus, plaintiff may properly claim as an element of damages Mr. Glisson's loss of enjoyment of life and we deny defendant's motion to exclude on this issue."). Purported expert testimony concerning the "value of life" has been routinely excluded. *Glisson, supra.* ("Moreover, even if Dr. Smith's methods of calculation were reliable, the VSL studies on which his expert opinion depends establish only how the overall value of life is measured in the field of economics, not how the *enjoyment of life* is measured, which is the relevant question the jury must resolve in awarding hedonic damages" (emphasis in original); *Smith v. Jenkins,* 732 F.3d 51, 67 (1st Cir. 2013) ("[T]he [VSL] studies do not relate in any way to the actual component of damages, the enjoyment of life.").

Since *Bell* and *Bass* other circuit courts have addressed whether damages for "loss of life" should be available in section 1983 wrongful death claims where state law provides remedies. For example, in *Frontier Ins. Co. v. Blaty,* 454 F.3d 590 (6th Cir. 2006), the Court of Appeals held a wrongful death estate pursuing a claim under section 1983 was not entitled to recover damages based on an infant's loss of enjoyment of life caused by death. In so holding the court construed a Michigan statute which allowed for recovery of medical and funeral/burial expenses, conscious pain and suffering between time of injury and death, and damages for loss of financial support and loss of companionship. *Frontier,* 454 F.3d at 599. The court acknowledged that the categories of recovery under the Michigan statute "do not authorize recovery for the decedent's enjoyment of life." *Id.*

The Sixth Circuit however did go on to note that so-called hedonic damages were recoverable under Michigan law by reason of compensation for conscious pain and suffering

between time of injury and death, but that "[l]oss of the enjoyment that would have been experienced but for the decedent's death is not compensable under the act." *Id.*

In rejecting the notion that state law was inconsistent with section 1983 objectives the 6th Circuit reasoned as follows:

> the ultimate issue in this case – whether the event of death can, in and of itself, create the right to loss of enjoyment of life damages. For the reasons discussed earlier, it cannot. Hedonic or loss of enjoyment of life damages are only available to a plaintiff still living, in order to compensate that individual for aspects of their life they may no longer enjoy due to the tortious actions of another.
>
> ***
>
> The limitations on wrongful death damages under Michigan law must yield if the unavailability of damages for post-death hedonic losses is inconsistent with "the Constitution of the United States." 42 U.S.C. § 1988(a); *see Robertson v. Wegmann,* 436 U.S. 584, 588, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978) . . . . we hold that federal law does not require, in a section 1983 action, recovery of hedonic damages stemming from a person's death.

*Frontier,* 454 F.3d at 600.

The Sixth Circuit in *Frontier* reasoned as follows:

> Michigan's Wrongful Death Act is consistent with the compensatory purpose of section 1983 identified by the Supreme Court. The act authorizes compensation for losses, including hedonic losses, that are experienced by the decedent before death. There is no requirement under federal law that a state go further than this in providing damages for wrongful death. The loss of enjoyment caused by death is not "actual," in the sense that is relevant here, because it is not consciously experienced by the decedent . . . . There being no means of making the decedent whole, recovery of damages for this (or any other) post-death loss is not required to advance and would not advance section 1983's compensatory policy . . . .
>
> ***
>
> To the extent that damages stemming from the death itself might be needed to fulfill the deterrent purposes of section 1983 (there being no compensation from the death as such), we so no reason to think that damages for injuries suffered by the decedent's survivors and hedonic damages suffered before death would not be sufficient in most cases.

5

*Frontier*, at 454 F.3d at 601.

As far as fashioning a new remedy based upon alleged inadequacy of Michigan law, the *Frontier* court noted that "[w]e believe section 1988's instruction to set aside a state remedy should only be used where it provides no meaningful deterrence, such as when that remedy provides no recovery for an otherwise valid plaintiff." *Frontier Insurance*, at 603. The court further noted that "[a]lthough we might be inclined to think that it would be a better policy decision to make available damages for the loss of enjoyment of life in a wrongful death suit, or that such damages might further advance the objectives of federal law, section 1988 only allows us to modify the state damages scheme if it is *inconsistent* with federal law. Given Congress's choice to incorporate state law damage provisions for section 1983 cases – and to only provide additional damages when state remedies are entirely insufficient with the policies of compensation and deterrence – we do not have the discretion to hold that damages beyond those made available by the state should be allowed simply by deciding that such a remedy would be preferable." *Id.* (emphasis in original).[1]

While Indiana's survival statute is inapplicable where the plaintiff's claim is one for wrongful death, as compared to Michigan which allows both a wrongful death claim and a survival claim for damages from time of injury to time of death, Seventh Circuit Pattern Jury Instruction 7.26 does allow for consideration of physical and emotional pain and suffering of the decedent. Those damages are the elements which should go into the damages instruction on the section 1983 claim, aside from any punitive damages instructions the court may choose to supply

---

[1] A panel of the 9th Circuit recently upheld a jury award for "loss of life" where California, by statute, prohibits recovery for a decedent's loss of life. *Valenzuela v. City of Anaheim*, ____F.3d____, 2021 WL 3355499 (9th Cir. 2021). There is a vigorous dissent.

to the jury. Damages for loss of love and companionship are available on the state law claim pursuant to Ind. Code § 34-23-1-2, if that claim is allowed to proceed.

        Respectfully submitted,

        STEPHENSON MOROW & SEMLER

        *s/ James S. Stephenson*
        James S. Stephenson
        Attorney No. 11434-98
        Attorney for defendants,
        City of Greenwood, Renee Elliott,
        and Elizabeth Laut

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2021, a copy of this document was filed electronically. Notice of this filing will be sent to the following persons by operation of the court's electronic filing system. Parties may access this filing through the court's system.

        Arthur Loevy
        arthur@loevy.com
        D. Samuel Heppell
        sam@loevy.com
        Jonathan I. Loevy
        jon@loevy.com
        Steven E. Art
        steve@loevy.com
        Scott Drury
        drury@loevy.com
        LOEVY & LOEVY
        311 North Aberdeen, 3rd Floor
        Chicago, IL 60607

        Caren L. Pollack
        cpollack@pollacklawpc.com
        Lana R. Swingler
        lswingler@pollacklawpc.com
        POLLACK LAW FIRM, P.C.
        10333 N. Meridian Street
        Suite 111
        Indianapolis, IN 46290

                        *s/ James S. Stephenson*
                        James S. Stephenson

STEPHENSON MOROW & SEMLER
3077 East 98th Street, Suite 240
Indianapolis, IN 46280
Telephone: (317) 844-3830
Fax: (317) 573-4194
E-mail: jstephenson@stephlaw.com

16-6820/bb